UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BARRY RUZA,

       Plaintiff,                                 Hon. Hala J. Jarbou

v.                                                     Case No. 1:20-cv-1113

CONSUMER FINANCIAL PROTECTION
BUREAU,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, Steven Ruza, proceeding pro se and in forma pauperis, filed a complaint against the Consumer Financial Protection Bureau (CFPB) seeking an order compelling the CFPB to provide answers to his request for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* The CFPB has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) based on Ruza's failure to exhaust his administrative remedies prior to filing suit. Alternatively, or in addition, the CFPB moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. (ECF No. 5.) Ruza has failed to respond within the time provided by Western District of Michigan Local Civil Rule 7.2(c).

      Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED** on the ground that the Court lacks jurisdiction.[1]

---

[1] Although Ruza is pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley*, No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

# I. Background

In October 2020, Ruza emailed a series of FOIA requests to the CFPB, which the CFPB combined into a single request. Ruza's first request, sent on the morning of October 10, 2020, was:

> I would like to know the names of the members in the working group with the national association of attorney generals concerning foreclosure rescue scans [sic] and loan modification scams. I would like to see the working agreement between them.
>
> What authority such as 12 usc 5552 does a state official have under don't [sic] frank to bring criminal charges against an attorney working with foreclosure rescue clients.

(ECF No. 6-1 at PageID.28.) Ruza emailed his second question later that morning:

> I was reading the does [sic] frank act and I have a question for you. At 12 us 5481 15 A viii I see an attorney working in foreclosure protectin [sic] is a covered person under the Act. Is that true and what does that mean? So if you are covered under the act what does that mean?

(ECF No. 6-1 at PageID.29.) Ruza emailed his final question on October 13, 2020:

> [M]y email is [REDACTED] My question is concerning 12 c.f.r. 1082. before a State official can take action against a covered party under 5481 say 5481 15 A viii such as an attorney working with foreclosure prevention, don't they have to notify the C.F.P.B. before taking action and wait for a determination? And don't they have to give notice to the C.F.P.B. even under 12 usc 5552? It seems like it to me but what are your thoughts?

(ECF No. 6-1 at PageID.30.)

The CFPB processed the requests in these emails as a single FOIA request and assigned them internal tracking number CFPB-2021-0009-F. (ECF No. 1-1 at PageID.6.) The CFPB sent Ruza an acknowledgement letter on October 13, 2020, notifying him that "the FOIA does not require agencies [to] answer questions, create records to respond to requests or conduct research." (ECF No. 6-1 at PageID.32.) On October 15, 2020, the CFPB sent Ruza a letter informing him that it had searched for records responsive to his request for information regarding the state attorneys general working group but had found none. The letter also reiterated that "the FOIA does not

require agencies to do research, analyze data, answer questions, or create records in response to requests." Finally, the letter informed Ruza that he had the right to file an administrative appeal of the letter determination and explained how he could do so by mail or email. (ECF No. 1-1 at PageID.7.) However, Ruza never filed an administrative appeal and instead filed the instant action. (ECF No. 6-1 at PageID.26.)

## II. Motion Standard

A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction may come in the form of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). A facial attack "questions merely the sufficiency of the pleadings." *Id.* at 376.

> "[W]hen reviewing a facial attack, a district court takes the allegations in the complaint as true.... If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.* (internal citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, the CFPB's motion, which relies on a declaration from Danielle Duvall Adams confirming that Ruza did not file an administrative appeal (ECF No. 6-1), presents a factual attack on the Court's subject matter jurisdiction.

## III. Discussion

In general, federal courts require a plaintiff to exhaust his administrative remedies before filing a suit in federal court seeking to compel agency action to allow the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)). "Exhaustion of administrative remedies is a threshold

requirement to a FOIA claim." *Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005).

In *Reisman v. Bullard*, 14 F. App'x 377 (6th Cir. 2001), the Sixth Circuit said that the plaintiffs' failure to exhaust their administrative remedies as to their document requests under FOIA "deprived the district court of jurisdiction." *Id.* at 379. District courts within the Sixth Circuit have interpreted *Reisman* as holding that failure to exhaust in a FOIA action is a jurisdictional bar. *See*, *e.g.*, *Fields v. Internal Revenue Serv.*, No. 12-14753, 2013 WL 3353921, at *5 (E.D. Mich. July 3, 2013) ("Because Plaintiff failed to exhaust [his] administrative remedies, this Court lacks subject matter jurisdiction [over the plaintiff's FOIA claim]."); *Ocon-Fierro v. Drug Enforcement Admin.*, No. 1:10-cv-1228, 2013 WL 869911, at *3 (W.D. Mich. Feb. 15, 2013), *report and recommendation adopted*, 2013 WL 868325 (W.D. Mich. Mar. 7, 2013) ("The Sixth Circuit has taken the position that the failure to administratively exhaust FOIA requests is a jurisdictional issue."); *Miller v. Federal Elections Comm'n*, No. 1:12-cv-242, 2013 WL 4243044, at *4 (S.D. Ohio Aug. 15, 2013) (citing *Reisman* and noting that "[t]he exhaustion requirement is considered to be a jurisdictional prerequisite in the Sixth Circuit"). In *Powell v. Internal Revenue Service*, No. 15-11033, 2016 WL 7473446 (E.D. Mich. Dec. 29, 2016), the court noted that the continued vitality of Sixth Circuit's jurisdictional rule was questionable in light of the Supreme Court's decision in *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145 (2013), and that the majority of courts consider exhaustion under FOIA a prudential consideration, rather than a jurisdictional requirement, but the court concluded that it was bound to follow the Sixth Circuit's position as set forth in *Reisman*. *Id.* at *3 n.1.

Given that *Reisman* has not been explicitly overruled, and because Ruza has clearly failed to exhaust his administrative remedies, I recommend that the Court dismiss his complaint for lack

of jurisdiction over his FOIA claim without addressing CFPB's merits argument. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) (observing that "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction").[2]

### III.  Conclusion

For the foregoing reasons, I recommend that the Court **grant** the CFPB's motion to dismiss for lack of jurisdiction (ECF No. 5) and dismiss Ruza's complaint.

Dated: March 18, 2021                                 /s/ Sally J. Berens
                                                                    SALLY J. BERENS
                                                                    U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] Even if the Court were to treat Plaintiff's failure to exhaust as a non-jurisdictional defect, I would nonetheless recommend dismissal of the claim on summary judgment pursuant to the jurisprudential approach other Circuits have taken. *See, e.g.*, *Hull v. IRS, U.S. Dep't of Treasury*, 656 F.3d 1174, 1183 & n.5 (10th Cir. 2011) (holding that, although exhaustion is not a jurisdictional hurdle under FOIA, it "remains a hurdle that FOIA plaintiffs must generally clear in order to obtain relief through the courts"); *see also DeBrew v. Atwood*, 792 F.3d 118, 123-24 (D.C. Cir. 2015) (finding that a plaintiff's "failure to exhaust his administrative remedies precludes the courts from reviewing whether the [agency] conducted an adequate search").